IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN VIRGILIO CUELLO SALGADO,<br><br>*Petitioner*,<br><br>v.<br><br>ACTING FIELD DIRECTOR OF PENNSYLVANIA IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-1543<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a native and citizen of Honduras, is currently detained at Moshannon Valley Processing Center. He made illegal entry into the United States in June 2022, was detained, and then released into the country on his own recognizance. Petitioner was taken into immigration custody on July 27, 2026, and removal proceedings remain ongoing. The threshold issue in his petition concerns whether he is entitled to a bond hearing under 8 U.S.C. § 1226, or whether he is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) or *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Based on the United States Court of Appeals for the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, -- F.4th --, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Court holds that Petitioner is entitled to relief in the form of an individualized bond hearing before an immigration judge.

AND NOW, this 21st day of September 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and

DENIED IN PART. It is GRANTED in that within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. The Court lacks jurisdiction to enjoin Petitioner's transfer. And the Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). The Court concludes that Respondents' interpretation of § 1225(a) (i.e., that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States), while recently rejected by the Third Circuit in *Buele*, is substantially justified. That is because a circuit split exists. The Third Circuit joined the First, Second, Third, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits in holding that § 1225(a)(2) only applies to aliens who are seeking to enter the United States. The Fifth and Eight Circuits have interpreted § 1225(a) more broadly to cover those aliens present in the United States without having been admitted – i.e., noncitizens like Petitioner who have resided in the interior of the country for years. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Therefore, attorney's fees and expenses under the EAJA are not warranted.

BY THE COURT:
*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE